1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone: (212) 335-4500
    Facsimile: (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone: (415) 986-5900
8   Facsimile: (415) 986-8054
    sgordon@gordonrees.com

9
    MICHAEL C. ZELLERS (SBN: 146904)
10  TUCKER ELLIS & WEST LLP
    515 South Flower Street, Suite 4200
11  Los Angeles, CA 90071-2223
    Telephone: (213) 430-3400
12  Facsimile: (213) 430-3409
    michael.zellers@tuckerellis.com
13
    Attorneys for Defendants
14  PFIZER INC., PHARMACIA & UPJOHN LLC,
    AND G.D. SEARLE LLC
15
                    UNITED STATES DISTRICT COURT
16
                   NORTHERN DISTRICT OF CALIFORNIA
17
                       SAN FRANCISCO DIVISION
18

19  IN RE BEXTRA AND CELEBREX          )   MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      )   CASE NO. 3:07-cv-4799-CRB
                                       )
21  This document relates to          )
                                       )   **PFIZER INC., PHARMACIA**
22  HASMIK TER-MARTIROSYAN, et al.,    )   **CORPORATION, AND G.D.**
                                       )   **SEARLE LLC'S ANSWER TO**
23              Plaintiffs,            )   **COMPLAINT**
                                       )
24          vs.                        )   **JURY DEMAND ENDORSED**
                                       )   **HEREIN**
25  PFIZER, INC., PHARMACIA & UPJOHN, INC., )
    G.D. SEARLE LLC, and MCKESSON CORP., )
26                                     )
              Defendants.              )
27                                     )
                                       )
28

-1-
ANSWER TO COMPLAINT – 3:07-cv-4799-CRB

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2  "Pfizer, Inc.") ("Pfizer"), Pharmacia and Upjohn Company LLC[1] (improperly captioned in

3  Plaintiffs' Complaint as "Pharmacia & Upjohn, Inc.") ("Pharmacia & Upjohn"), and G.D.

4  Searle LLC ("Searle"), (collectively "Defendants") and file this Answer to Plaintiffs'

5  Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.

## PRELIMINARY STATEMENT

8    The Complaint does not state in sufficient detail when Plaintiffs and Decedent were

9  prescribed or used Celebrex® (celecoxib) ("Celebrex®").  Accordingly, this Answer can only

10  be drafted generally.  Defendants may seek leave to amend this Answer when discovery reveals

11  the specific time periods in which Plaintiffs and Decedent were prescribed and used Celebrex®.

## II.

## ANSWER

14    Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint,

15  Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny

16  that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain

17  periods of time, Pfizer marketed and co-promoted Celebrex® in the United States to be

18  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

19  with their approval by the FDA.  Defendants admit that, during certain periods of time,

20  Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

21  promoted and distributed Celebrex® in the United States to be prescribed by healthcare

22  providers who are by law authorized to prescribe drugs in accordance with their approval by the

23  FDA.  Defendants state that Celebrex® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants state that the potential effects of

---

[1] Defendants deny that Pharmacia & Upjohn Company LLC ever designed, produced, manufactured, marketed, sold, resold, or distributed Celebrex®, and deny that it is a proper party in this suit.  The foregoing statement regarding Pharmacia & Upjohn is incorporated by reference in response to each and every paragraph of the Complaint referring to Pharmacia & Upjohn and/or Defendants.

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Parties**

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that, as the result of a merger in April 2003, Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States, including California, to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

2  accordance with their approval by the FDA. Defendants deny the remaining allegations in this

3  paragraph of the Complaint.

4  6.    Defendants admit that Searle is a Delaware limited liability company with its principal

5  place of business in Illinois. Defendants admit that Pharmacia acquired Searle in 2000 and that,

6  as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

7  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

8  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

9  Celebrex® in the United States to be prescribed by healthcare providers who are by law

10  authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny

11  the remaining allegations in this paragraph of the Complaint.

12  7.    Pharmacia Corporation is not named as a Defendant in Plaintiff's Complaint.

13  Nevertheless, Defendants admit that Pharmacia is a Delaware corporation with its principal

14  place of business in New Jersey. Defendants admit that Pharmacia acquired Searle in 2000 and

15  that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of

16  Pfizer. Defendants admit that, during certain periods of time, Pharmacia marketed and co-

17  promoted Celebrex® in the United States, including California, to be prescribed by healthcare

18  providers who are by law authorized to prescribe drugs in accordance with their approval by the

19  FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

20  8.    Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted

21  Celebrex® in the United States to be prescribed by healthcare providers who are by law

22  authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit

23  that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

24  which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

25  to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

26  accordance with their approval by the FDA. Defendants admit that Pharmacia acquired Searle

27  in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became

28  subsidiaries of Pfizer. Defendants deny the remaining allegations in this paragraph of the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    Complaint.

2    9.    Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted

3    Celebrex® in the United States to be prescribed by healthcare providers who are by law

4    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

5    that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

6    which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

7    to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

8    accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe

9    and effective when used in accordance with its FDA-approved prescribing information.

10    Defendants state that the potential effects of Celebrex® were and are adequately described in its

11    FDA-approved prescribing information, which was at all times adequate and comported with

12    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

13    remaining allegations in this paragraph of the Complaint.

14    10.    Defendants state that the allegations in this paragraph of the Complaint regarding

15    "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

16    information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

17    the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

18    **Response to Allegations Regarding Jurisdiction and Venue**

19    11.    Defendants are without knowledge or information to form a belief as to the truth of the

20    allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount

21    in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim

22    that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of

23    interests and costs.

24    12.    Defendants are without knowledge or information to form a belief as to the truth of the

25    allegations in this paragraph of the Complaint regarding the judicial district in which the

26    asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Celebrex®

27    was and is safe and effective when used in accordance with its FDA-approved prescribing

28    information.  Defendants deny committing a tort in the State of California and deny the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

remaining allegations in this paragraph of the Complaint.

13.     Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in the State of California. Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny committing a tort in the State of California and deny the remaining allegations in this paragraph of the Complaint.

### Response to Allegations Regarding Interdistrict Assignment

14.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

### Response to Factual Allegations

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical condition or whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

20.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

21.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

22.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical condition or whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

23.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Celebrex® caused Plaintiff injury

1    or damage and deny the remaining allegations in this paragraph of the Complaint.

2    24.      Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

4    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

5    effective when used in accordance with its FDA-approved prescribing information.  Defendants

6    state that the potential effects of Celebrex® were and are adequately described in its FDA-

7    approved prescribing information, which was at all times adequate and comported with

8    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

9    Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this

10   paragraph of the Complaint.

11   25.      Defendants are without knowledge or information sufficient to form a belief as to the

12   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

13   Celebrex®, and, therefore, deny the same.   Defendants state that, in the ordinary case,

14   Celebrex® was expected to reach users and consumers without substantial change from the

15   time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

16   26.      Defendants are without knowledge or information sufficient to form a belief as to the

17   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

19   effective when used in accordance with its FDA-approved prescribing information.  Defendants

20   state that the potential effects of Celebrex® were and are adequately described in its FDA-

21   approved prescribing information, which was at all times adequate and comported with

22   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

23   remaining allegations in this paragraph of the Complaint.

24   27.      Defendants are without knowledge or information sufficient to form a belief as to the

25   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's and Decedent's

26   martial status and whether Decedent used Celebrex®, and, therefore, deny the same.

27   Defendants deny the remaining allegations in this paragraph of the Complaint.

28   28.      Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    truth of the allegations in this paragraph of the Complaint regarding Decedent's medical

2    condition or whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants

3    state that Celebrex® was and is safe and effective when used in accordance with its FDA-

4    approved prescribing information.  Defendants state that the potential effects of Celebrex®

5    were and are adequately described in its FDA-approved prescribing information, which was at

6    all times adequate and comported with applicable standards of care and law.  Defendants deny

7    that Celebrex® caused Plaintiff or Decedent injury or damage and deny the remaining

8    allegations in this paragraph of the Complaint.

9    29.    Defendants are without knowledge or information sufficient to form a belief as to the

10   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's and Decedent's

11   marital status and whether Decedent used Celebrex®, and, therefore, deny the same.

12   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

13   FDA-approved prescribing information.    Defendants state that the potential effects of

14   Celebrex® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants deny that Celebrex® caused Plaintiff or Decedent injury or damage and deny the

17   remaining allegations in this paragraph of the Complaint.

18   30.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's and Decedent's

20   marital status and whether Decedent used Celebrex®, and, therefore, deny the same.

21   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

22   FDA-approved prescribing information.    Defendants state that the potential effects of

23   Celebrex® were and are adequately described in its FDA-approved prescribing information,

24   which was at all times adequate and comported with applicable standards of care and law.

25   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent

26   injury or damage and deny the remaining allegations in this paragraph of the Complaint.

27   31.    Defendants are without knowledge or information sufficient to form a belief as to the

28   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's and Decedent's

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

marital status and whether Decedent used Celebrex®, and, therefore, deny the same. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

32.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's and Decedent's marital status and whether Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

33.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

34.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical condition or whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

35.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT – 3:07-cv-4799-CRB

1   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

2   effective when used in accordance with its FDA-approved prescribing information.  Defendants

3   state that the potential effects of Celebrex® were and are adequately described in its FDA-

4   approved prescribing information, which was at all times adequate and comported with

5   applicable standards of care and law.  Defendants deny that Celebrex® caused Plaintiff injury

6   or damage and deny the remaining allegations in this paragraph of the Complaint.

7   36.     Defendants are without knowledge or information sufficient to form a belief as to the

8   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

9   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

10  effective when used in accordance with its FDA-approved prescribing information.  Defendants

11  state that the potential effects of Celebrex® were and are adequately described in its FDA-

12  approved prescribing information, which was at all times adequate and comported with

13  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

14  Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this

15  paragraph of the Complaint.

16  37.     Defendants are without knowledge or information sufficient to form a belief as to the

17  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18  Celebrex®, and, therefore, deny the same.   Defendants state that, in the ordinary case,

19  Celebrex® was expected to reach users and consumers without substantial change from the

20  time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

21  38.     Defendants are without knowledge or information sufficient to form a belief as to the

22  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

23  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

24  effective when used in accordance with its FDA-approved prescribing information.  Defendants

25  state that the potential effects of Celebrex® were and are adequately described in its FDA-

26  approved prescribing information, which was at all times adequate and comported with

27  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

28  remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   39.    Defendants state that the allegations in this paragraph of the Complaint regarding

2   aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no

3   response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times,

4   referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the

5   remaining allegations in this paragraph of the Complaint.

6   40.    Defendants state that the allegations in this paragraph of the Complaint are not directed

7   towards Defendants and, therefore, no response is required.  To the extent that a response is

8   deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

9   allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

10  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

11  41.    Defendants state that the allegations in this paragraph of the Complaint are not directed

12  towards Defendants and, therefore, no response is required.  To the extent that a response is

13  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

14  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

15  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

16  42.    Defendants state that the allegations in this paragraph of the Complaint are not directed

17  towards Defendants and, therefore, no response is required.  To the extent that a response is

18  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

19  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

20  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21  43.    Defendants state that the allegations in this paragraph of the Complaint regarding "other

22  pharmaceutical companies" are not directed towards Defendants and, therefore, no response is

23  required.  To the extent a response is deemed required, Defendants state that, as stated in the

24  FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to

25  be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2

26  (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the

27  cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiffs fail to provide the proper context for the

28  remaining allegations in this paragraph and Defendants therefore lack sufficient information or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining

2    allegations in this paragraph of the Complaint.

3    44.    Defendants state that the allegations in this paragraph of the Complaint regarding

4    "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

5    information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

6    the same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he

7    mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis,

8    primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in

9    humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendants

10    state that Celebrex® was and is safe and effective when used in accordance with its FDA-

11    approved prescribing information.  Defendants state that the potential effects of Celebrex®

12    were and are adequately described in its FDA-approved prescribing information, which was at

13    all times adequate and comported with applicable standards of care and law.  Defendants deny

14    any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

15    45.    Defendants admit that Searle submitted a New Drug Application ("NDA") for

16    Celebrex® on June 29, 1998.  Defendants admit that, on December 31, 1998, the FDA granted

17    approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of

18    osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults.

19    Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to

20    reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis

21    ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery).  Defendants deny

22    the remaining allegations in this paragraph of the Complaint.

23    46.    Defendants admit that Celebrex® was launched in February 1999.  Defendants admit

24    that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United

25    States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

26    accordance with their approval by the FDA.  Defendants admit that, during certain periods of

27    time, Celebrex® was manufactured and packaged for Searle, which developed, tested,

28    marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-14-

ANSWER TO COMPLAINT – 3:07-cv-4799-CRB

1  healthcare providers who are by law authorized to prescribe drugs in accordance with their
2  approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used
3  in accordance with its FDA-approved prescribing information.  Defendants state that the
4  potential effects of Celebrex® were and are adequately described in its FDA-approved
5  prescribing information, which was at all times adequate and comported with applicable
6  standards of care and law.  Defendants deny any wrongful conduct and deny the remaining
7  allegations in this paragraph of the Complaint.

8  47.    Defendants state that the referenced article speaks for itself and respectfully refer the
9  Court to the article for its actual language and text.  Any attempt to characterize the article is
10  denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance
11  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in
12  this paragraph of the Complaint.

13  48.    Defendants state that the referenced article speaks for itself and respectfully refer the
14  Court to the article for its actual language and text.  Any attempt to characterize the article is
15  denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance
16  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in
17  this paragraph of the Complaint.

18  49.    Defendants state that the referenced FDA Update speaks for itself and respectfully refer
19  the Court to the FDA Update for its actual language and text.  Any attempt to characterize the
20  FDA Update is denied.  Defendants state that Celebrex® was and is safe and effective when
21  used in accordance with its FDA-approved prescribing information.  Defendants state that the
22  potential effects of Celebrex® were and are adequately described in its FDA-approved
23  prescribing information, which was at all times adequate and comported with applicable
24  standards of care and law.  Defendants deny the remaining allegations in this paragraph of the
25  Complaint.

26  50.    Defendants state that Celebrex® was and is safe and effective when used in accordance
27  with its FDA-approved prescribing information.  Defendants state that the potential effects of
28  Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

51.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

52.     Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20, 2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

53.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

54.     Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

55.     Defendants state that the FDA Medical Officer Review and FDA CLASS Review speak for themselves and respectfully refer the Court to the Medical Officer Review and Class Review for their actual language and text.  Any attempt to characterize the Medical Officer Review or Class Review is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

56.     Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to characterize the transcripts is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

57.     Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

58.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

59.     Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

60.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

61.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

62.     Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

1    knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

2    Defendants deny the remaining allegations in this paragraph of the Complaint.

3    63.    Defendants state that the referenced article speaks for itself and respectfully refer the

4    Court to the article for its actual language and text.  Any attempt to characterize the article is

5    denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

6    paragraph of the Complaint.

7    64.    Defendants state that the referenced study speaks for itself and respectfully refer the

8    Court to the study for its actual language and text.  Any attempt to characterize the study is

9    denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Public

10   Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

11   knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

12   Defendants deny the remaining allegations in this paragraph of the Complaint.

13   65.    Defendants admit that there was a clinical trial called APC.  Defendants state that the

14   referenced article speaks for itself and respectfully refer the Court to the article for its actual

15   language and text.  Any attempt to characterize the article is denied.  Defendants deny the

16   remaining allegations in this paragraph of the Complaint.

17   66.    Defendants state that the referenced article speaks for itself and respectfully refer the

18   Court to the article for its actual language and text.  Any attempt to characterize the article is

19   denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Data Safety

20   Monitoring Board" in this paragraph of the Complaint.  Defendants therefore lack sufficient

21   information or knowledge to form a belief as to the truth of such allegations and, therefore,

22   deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

23   67.    Defendants state that the referenced article speaks for itself and respectfully refer the

24   Court to the article for its actual language and text.  Any attempt to characterize the article is

25   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

26   68.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

27   and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

28   and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Defendants deny the remaining allegations in this paragraph of the Complaint.

2   69.     Defendants state that the referenced Medical Officer Review speaks for itself and

3   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

4   attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

5   allegations in this paragraph of the Complaint.

6   70.     Defendants admit that there was a clinical trial called PreSAP.  Plaintiffs fail to provide

7   the proper context for the allegations concerning "other Celebrex trials" contained in this

8   paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

9   form a belief as to the truth of such allegations and, therefore, deny the same.  As for the

10  allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state

11  that the referenced study speaks for itself and respectfully refer the Court to the study for its

12  actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the

13  remaining allegations in this paragraph of the Complaint.

14  71.     Defendants state that the referenced article speaks for itself and respectfully refer the

15  Court to the article for its actual language and text.  Any attempt to characterize the article is

16  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

17  72.     Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

18  Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.   Defendants

19  therefore lack sufficient information or knowledge to form a belief as to the truth of such

20  allegations and, therefore, deny the same.  Defendants state that the referenced studies speak for

21  themselves and respectfully refer the Court to the studies for their actual language and text.

22  Any attempt to characterize the studies is denied.  Defendants deny the remaining allegations in

23  this paragraph of the Complaint.

24  73.     Defendants state that the referenced Medical Officer Review speaks for itself and

25  respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

26  attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

27  allegations in this paragraph of the Complaint.

28  74.     Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   are not directed toward Defendants, and therefore no response is required.  To the extent that a

2   response is deemed required, Plaintiffs fail to provide the proper context for the allegations in

3   this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint.

4   Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of

5   such allegations and, therefore, deny the same.  Defendants state that the referenced study

6   speaks for itself and respectfully refer the Court to the study for its actual language and text.

7   Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in

8   this paragraph of the Complaint.

9   75.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

10  Complaint are not directed toward Defendants, and therefore no response is required.  To the

11  extent that a response is deemed required, Plaintiffs fail to provide the proper context for the

12  allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph

13  of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a

14  belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the

15  referenced study speaks for itself and respectfully refer the Court to the study for its actual

16  language and text.  Any attempt to characterize the study is denied.  Defendants deny the

17  remaining allegations in this paragraph of the Complaint.

18  76.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

19  Complaint are not directed toward Defendants, and therefore no response is required.  To the

20  extent that a response is deemed required, Plaintiffs fail to provide the proper context for the

21  allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph

22  of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a

23  belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the

24  referenced study speaks for itself and respectfully refer the Court to the study for its actual

25  language and text.  Any attempt to characterize the study is denied.  Defendants state that the

26  referenced article speaks for itself and respectfully refer the Court to the article for its actual

27  language and text.  Any attempt to characterize the article is denied.  Defendants deny the

28  remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

77.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the allegations in this paragraph of the Complaint.

78.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

79.     Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required.  To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

80.     Defendants deny the allegations in this paragraph of the Complaint.

81.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations contained in this paragraph of the Complaint.

82.     Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

83.     Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

84.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

85.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

86.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and November 14, 2000.  Defendants state that the referenced letters speak for themselves and respectfully refer the Court to the letters for their actual language and text.  Any attempt to characterize the letters is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

87.    Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001.  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

88.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

89.    Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005.  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

90.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

91.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint.

3    92.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Celebrex® were and are adequately described in its FDA-approved prescribing information,

6    which at all times was adequate and comported with applicable standards of care and law.

7    Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and

8    ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

9    such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

10    that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

11    93.    Defendants state that Celebrex® was and is safe and effective when used in accordance

12    with its FDA-approved prescribing information.  Defendants state that the potential effects of

13    Celebrex® were and are adequately described in its FDA-approved prescribing information,

14    which was at all times adequate and comported with applicable standards of care and law.

15    Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted

16    Celebrex® in the United States to be prescribed by healthcare providers who are by law

17    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

18    that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

19    which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

20    to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

21    accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

22    paragraph of the Complaint.

23    94.    Defendants state that Celebrex® was and is safe and effective when used in accordance

24    with its FDA-approved prescribing information.  Defendants state that the potential effects of

25    Celebrex® were and are adequately described in its FDA-approved prescribing information,

26    which at all times was adequate and comported with applicable standards of care and law.

27    Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted

28    Celebrex® in the United States to be prescribed by healthcare providers who are by law

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-24-

1    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

2    that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

3    which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

4    to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

5    accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

6    paragraph of the Complaint.

7    95.    Defendants state that Celebrex® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendants state that the potential effects of

9    Celebrex® were and are adequately described in its FDA-approved prescribing information,

10   which was at all times adequate and comported with applicable standards of care and law.

11   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12   the Complaint.

13   96.    Defendants state that Celebrex® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.  Defendants state that the potential effects of

15   Celebrex® were and are adequately described in its FDA-approved prescribing information,

16   which was at all times adequate and comported with applicable standards of care and law.

17   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

18   the Complaint.

19   97.    Defendants deny the allegations in this paragraph of the Complaint.

20   98.    Defendants state that Celebrex® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendants state that the potential effects of

22   Celebrex® were and are adequately described in its FDA-approved prescribing information,

23   which was at all times adequate and comported with applicable standards of care and law.

24   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25   the Complaint.

26   99.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendants state that the potential effects of

28   Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  which was at all times adequate and comported with applicable standards of care and law.

2  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3  the Complaint.

4  100.   Defendants are without knowledge or information sufficient to form a belief as to the

5  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

6  Decedent used Celebrex®, and, therefore, deny the same.   Defendants deny any wrongful

7  conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the

8  remaining allegations in this paragraph of the Complaint.

9  101.   Defendants state that Celebrex® was and is safe and effective when used in accordance

10  with its FDA-approved prescribing information.  Defendants state that the potential effects of

11  Celebrex® were and are adequately described in its FDA-approved prescribing information,

12  which was at all times adequate and comported with applicable standards of care and law.

13  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

14  remaining allegations in this paragraph of the Complaint.

15  102.   Defendants state that Celebrex® was and is safe and effective when used in accordance

16  with its FDA-approved prescribing information.  Defendants state that the potential effects of

17  Celebrex® are and were adequately described in its FDA-approved prescribing information,

18  which was at all times adequate and comported with applicable standards of care and law.

19  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

20  the Complaint.

21  103.   Defendants state that Celebrex® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants state that the potential effects of

23  Celebrex® are and were adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants state that the referenced study speaks for itself and respectfully refer the Court to

26  the study for its actual language and text.   Any attempt to characterize the study is denied.

27  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

28  the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    104.    Defendants deny any wrongful conduct and deny the remaining allegations in this

2    paragraph of the Complaint.

3    105.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

5    Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

6    and is safe and effective when used in accordance with its FDA-approved prescribing

7    information.  Defendants state that the potential effects of Celebrex® are and were adequately

8    described in its FDA-approved prescribing information, which was at all times adequate and

9    comported with applicable standards of care and law.  Defendants deny any wrongful conduct

10   and deny the remaining allegations in this paragraph of the Complaint.

### Response to First Cause of Action: Negligence

11

12   106.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

13   Complaint as if fully set forth herein.

14   107.    Defendants state that this paragraph of the Complaint contains legal contentions to

15   which no response is required.  To the extent that a response is deemed required, Defendants

16   admit that they had duties as are imposed by law but deny having breached such duties.

17   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

18   FDA-approved prescribing information.    Defendants state that the potential effects of

19   Celebrex® were and are adequately described in its FDA-approved prescribing information,

20   which was at all times adequate and comported with applicable standards of care and law.

21   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

22   the Complaint.

23   108.    Defendants state that this paragraph of the Complaint contains legal contentions to

24   which no response is required.  To the extent that a response is deemed required, Defendants

25   admit that they had duties as are imposed by law but deny having breached such duties.

26   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

27   FDA-approved prescribing information.    Defendants state that the potential effects of

28   Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  which was at all times adequate and comported with applicable standards of care and law.

2  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3  the Complaint.

4  109.    Defendants are without knowledge or information sufficient to form a belief as to the

5  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

6  Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

7  and is safe and effective when used in accordance with its FDA-approved prescribing

8  information.  Defendants state that the potential effects of Celebrex® were and are adequately

9  described in its FDA-approved prescribing information, which was at all times adequate and

10  comported with applicable standards of care and law.  Defendants deny any wrongful conduct

11  and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

12  110.    Defendants are without knowledge or information sufficient to form a belief as to the

13  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

14  Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

15  and is safe and effective when used in accordance with its FDA-approved prescribing

16  information.  Defendants state that the potential effects of Celebrex® were and are adequately

17  described in its FDA-approved prescribing information, which was at all times adequate and

18  comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

19  deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this

20  paragraph of the Complaint.

21  111.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants state that the potential effects of

23  Celebrex® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

26  the Complaint.

27  112.    Defendants are without knowledge or information sufficient to form a belief as to the

28  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

113.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' medical conditions and whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

114.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

115.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Liability**

116.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

117.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    promoted and distributed Celebrex® in the United States to be prescribed by healthcare

2    providers who are by law authorized to prescribe drugs in accordance with their approval by the

3    FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

4    consumers without substantial change from the time of sale.  Defendants deny the remaining

5    allegations in this paragraph of the Complaint.

6    118.    Defendants state that Celebrex® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendants state that the potential effects of

8    Celebrex® were and are adequately described in its FDA-approved prescribing information,

9    which was at all times adequate and comported with applicable standards of care and law.

10   Defendants deny the remaining allegations in this paragraph of the Complaint.

11   119.    Defendants state that Celebrex® was and is safe and effective when used in accordance

12   with its FDA-approved prescribing information.  Defendants state that the potential effects of

13   Celebrex® were and are adequately described in its FDA-approved prescribing information,

14   which was at all times adequate and comported with applicable standards of care and law.

15   Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

16   remaining allegations in this paragraph of the Complaint.

17   120.    Defendants state that Celebrex® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information.  Defendants state that the potential effects of

19   Celebrex® were and are adequately described in its FDA-approved prescribing information,

20   which was at all times adequate and comported with applicable standards of care and law.

21   Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

22   remaining allegations in this paragraph of the Complaint, including all subparts.

23   121.    Defendants are without knowledge or information sufficient to form a belief as to the

24   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

25   Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

26   and is safe and effective when used in accordance with its FDA-approved prescribing

27   information.  Defendants state that the potential effects of Celebrex® were and are adequately

28   described in its FDA-approved prescribing information, which was at all times adequate and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

2  deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs or Decedent injury or

3  damage, and deny the remaining allegations in this paragraph of the Complaint.

4  122.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5  with its FDA-approved prescribing information.  Defendants state that the potential effects of

6  Celebrex® were and are adequately described in its FDA-approved prescribing information,

7  which was at all times adequate and comported with applicable standards of care and law.

8  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

9  remaining allegations in this paragraph of the Complaint.

10  123.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

12  Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

13  and is safe and effective when used in accordance with its FDA-approved prescribing

14  information.  Defendants state that the potential effects of Celebrex® were and are adequately

15  described in its FDA-approved prescribing information, which was at all times adequate and

16  comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

17  deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs or Decedent injury or

18  damage, and deny the remaining allegations in this paragraph of the Complaint.

19  124.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Celebrex® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24  the Complaint.

25  125.    Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

27  Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

28  and is safe and effective when used in accordance with its FDA-approved prescribing

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

126.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

127.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

128.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

129.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

130.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Response to Third Cause of Action: Breach of Express Warranty**

2    131.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

3    Complaint as if fully set forth herein.

4    132.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

6    Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

7    and is safe and effective when used in accordance with its FDA-approved prescribing

8    information.  Defendants state that the potential effects of Celebrex® were and are adequately

9    described in its FDA-approved prescribing information, which was at all times adequate and

10   comported with applicable standards of care and law.  Defendants admit that they provided

11   FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining

12   allegations in this paragraph of the Complaint.

13   133.    Defendants are without knowledge or information sufficient to form a belief as to the

14   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

15   Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

16   and is safe and effective when used in accordance with its FDA-approved prescribing

17   information.  Defendants state that the potential effects of Celebrex® were and are adequately

18   described in its FDA-approved prescribing information, which was at all times adequate and

19   comported with applicable standards of care and law.  Defendants admit that they provided

20   FDA-approved prescribing information regarding Celebrex®.  Defendants deny any wrongful

21   conduct and deny the remaining allegations in this paragraph of the Complaint, including all

22   subparts.

23   134.    Defendants admit that they provided FDA-approved prescribing information regarding

24   Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this

25   paragraph of the Complaint.

26   135.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendants state that the potential effects of

28   Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-33-

1   which was at all times adequate and comported with applicable standards of care and law.

2   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3   the Complaint.

4   136.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5   with its FDA-approved prescribing information.  Defendants state that the potential effects of

6   Celebrex® were and are adequately described in its FDA-approved prescribing information,

7   which was at all times adequate and comported with applicable standards of care and law.

8   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9   the Complaint.

10  137.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

12  Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that the potential

13  effects of Celebrex® were and are adequately described in its FDA-approved prescribing

14  information, which was at all times adequate and comported with applicable standards of care

15  and law.    Defendants admit that they provided FDA-approved prescribing information

16  regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the

17  Complaint.

18  138.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

19  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

20  Complaint.

21  139.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

22  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

23  Complaint.

24  140.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

25  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

26  Complaint.

27          **Response to Fourth Cause of Action: Breach of Implied Warranty**

28  141.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-34-

1    Complaint as if fully set forth herein.

2    142.    Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted

3    Celebrex® in the United States to be prescribed by healthcare providers who are by law

4    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

5    that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

6    which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

7    to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

8    accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

9    paragraph of the Complaint.

10    143.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11    with its FDA-approved prescribing information.  Defendants state that the potential effects of

12    Celebrex® were and are adequately described in its FDA-approved prescribing information,

13    which was at all times adequate and comported with applicable standards of care and law.

14    Defendants admit that they provided FDA-approved prescribing information regarding

15    Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

16    144.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17    with its FDA-approved prescribing information.  Defendants state that the potential effects of

18    Celebrex® were and are adequately described in its FDA-approved prescribing information,

19    which was at all times adequate and comported with applicable standards of care and law.

20    Defendants deny the remaining allegations in this paragraph of the Complaint.

21    145.    Defendants state that this paragraph of the Complaint contains legal contentions to

22    which no response is required.  To the extent that a response is deemed required, Defendants

23    state that Celebrex® was and is safe and effective when used in accordance with its FDA-

24    approved prescribing information.  Defendants state that the potential effects of Celebrex®

25    were and are adequately described in its FDA-approved prescribing information, which was at

26    all times adequate and comported with applicable standards of care and law.  Defendants deny

27    any wrongful conduct, and deny the remaining allegations in this paragraph of the Complaint.

28    146.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny the remaining allegations in this paragraph of the Complaint.

147.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

148.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

149.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  information.  Defendants state that the potential effects of Celebrex® were and are adequately

2  described in its FDA-approved prescribing information, which was at all times adequate and

3  comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

4  and deny the remaining allegations in this paragraph of the Complaint.

5  150.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

6  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

7  Complaint.

8  151.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

9  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

10  Complaint.

11  152.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

12  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

13  Complaint.

14  **Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

15  153.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

16  Complaint as if fully set forth herein.

17  154.    Defendants state that this paragraph of the Complaint contains legal contentions to

18  which no response is required.  To the extent that a response is deemed required, Defendants

19  admit that they had duties as are imposed by law but deny having breached such duties.

20  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

21  FDA-approved prescribing information.   Defendants state that the potential effects of

22  Celebrex® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25  the Complaint.

26  155.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendants state that the potential effects of

28  Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3    the Complaint, including all subparts.

4    156.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Celebrex® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9    the Complaint.

10    157.    Defendants are without knowledge or information sufficient to form a belief as to the

11    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

12    Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

13    and is safe and effective when used in accordance with its FDA-approved prescribing

14    information.  Defendants state that the potential effects of Celebrex® were and are adequately

15    described in its FDA-approved prescribing information, which was at all times adequate and

16    comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

17    deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining

18    allegations in this paragraph of the Complaint.

19    158.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20    with its FDA-approved prescribing information.  Defendants state that the potential effects of

21    Celebrex® were and are adequately described in its FDA-approved prescribing information,

22    which was at all times adequate and comported with applicable standards of care and law.

23    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24    the Complaint.

25    159.    Defendants are without knowledge or information sufficient to form a belief as to the

26    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

27    Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

28    and is safe and effective when used in accordance with its FDA-approved prescribing

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

160.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

161.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

162.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    163.    Defendants are without knowledge or information sufficient to form a belief as to the

2    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

3    Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was

4    and is safe and effective when used in accordance with its FDA-approved prescribing

5    information. Defendants state that the potential effects of Celebrex® were and are adequately

6    described in its FDA-approved prescribing information, which was at all times adequate and

7    comported with applicable standards of care and law. Defendants deny any wrongful conduct

8    and deny the remaining allegations in this paragraph of the Complaint.

9    164.    Defendants are without knowledge or information sufficient to form a belief as to the

10    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

11    Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was

12    and is safe and effective when used in accordance with its FDA-approved prescribing

13    information. Defendants state that the potential effects of Celebrex® were and are adequately

14    described in its FDA-approved prescribing information, which was at all times adequate and

15    comported with applicable standards of care and law. Defendants deny any wrongful conduct

16    and deny the remaining allegations in this paragraph of the Complaint.

17    165.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

18    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

19    Complaint.

20    166.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

21    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

22    Complaint.

23    167.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

24    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

25    Complaint.

26    **Response to Sixth Cause of Action: Unjust Enrichment**

27    168.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

28    Complaint as if fully set forth herein.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

169.    Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

170.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

171.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

172.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

173.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing

1    information.  Defendants state that the potential effects of Celebrex® were and are adequately

2    described in its FDA-approved prescribing information, which was at all times adequate and

3    comported with applicable standards of care and law.  Defendants deny any wrongful conduct

4    and deny the remaining allegations in this paragraph of the Complaint.

5    174.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

6    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

7    Complaint.

8            **Response to Seventh Cause of Action: Negligent Misrepresentation**

9    175.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

10   Complaint as if fully set forth herein.

11   176.    Defendants state that this paragraph of the Complaint contains legal contentions to

12   which no response is required.  To the extent that a response is deemed required, Defendants

13   admit that they had duties as are imposed by law but deny having breached such duties.

14   Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted

15   Celebrex® in the United States to be prescribed by healthcare providers who are by law

16   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

17   that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

18   which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

19   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

20   accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

21   paragraph of the Complaint.

22   177.    Defendants state that Celebrex® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Celebrex® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27   the Complaint.

28   178.    Defendants state that Celebrex® was and is safe and effective when used in accordance

-42-

with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

179.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

180.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

181.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

182.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    183.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

2    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

3    Complaint.

4    184.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

5    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

6    Complaint.

7    **Response to Eighth Cause of Action: Wrongful Death**

8    185.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

9    Complaint as if fully set forth herein.

10    186.    Defendants state that this paragraph of the Complaint contains legal contentions to

11    which no response is required.  To the extent that a response is deemed required, Defendants

12    are without knowledge or information sufficient to form a belief as to the truth of the

13    allegations in this paragraph of the Complaint regarding Plaintiff's and Decedent's marital

14    status, and, therefore, deny the same.  Defendants are without knowledge or information

15    sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

16    regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants deny

17    any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and

18    deny the remaining allegations in this paragraph of the Complaint.

19    187.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20    with its FDA-approved prescribing information.  Defendants state that the potential effects of

21    Celebrex® were and are adequately described in its FDA-approved prescribing information,

22    which was at all times adequate and comported with applicable standards of care and law.

23    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24    the Complaint.

25    188.    Defendants state that Celebrex® was and is safe and effective when used in accordance

26    with its FDA-approved prescribing information.  Defendants state that the potential effects of

27    Celebrex® were and are adequately described in its FDA-approved prescribing information,

28    which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint, including all subparts.

3    189.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's and Decedent's

5    marital status, and, therefore, deny the same.  Defendants are without knowledge or information

6    sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

7    regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants state

8    that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

9    prescribing information.  Defendants state that the potential effects of Celebrex® were and are

10   adequately described in its FDA-approved prescribing information, which was at all times

11   adequate and comported with applicable standards of care and law.  Defendants deny any

12   wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and

13   deny the remaining allegations in this paragraph of the Complaint.

14   190.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendants state that the potential effects of

16   Celebrex® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

19   the Complaint.

20   191.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

21   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

22   Complaint.

23   192.    Defendants deny any wrongful conduct and deny the remaining allegations in this

24   paragraph of the Complaint.

25   193.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

26   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

27   Complaint.

28   194.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

1   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

2   Complaint.

3   **Response to Ninth Cause of Action: Loss of Consortium**

4   195.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

5   Complaint as if fully set forth herein.

6   196.    Defendants are without knowledge or information sufficient to form a belief as to the

7   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's and Decedent's

8   marital status, and, therefore, deny the same.  Defendants are without knowledge or information

9   sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

10  regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants deny

11  any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and

12  deny the remaining allegations in this paragraph of the Complaint.

13  197.    Defendants state that Celebrex® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information.  Defendants state that the potential effects of

15  Celebrex® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

18  the Complaint.

19  198.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Celebrex® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24  the Complaint, including all subparts.

25  199.    Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's and Decedent's

27  marital status, and, therefore, deny the same.  Defendants are without knowledge or information

28  sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    regarding whether Decedent used Celebrex®, and, therefore, deny the same. Defendants state

2    that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

3    prescribing information. Defendants state that the potential effects of Celebrex® were and are

4    adequately described in its FDA-approved prescribing information, which was at all times

5    adequate and comported with applicable standards of care and law. Defendants deny any

6    wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and

7    deny the remaining allegations in this paragraph of the Complaint.

8    200.    Defendants state that Celebrex® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information. Defendants state that the potential effects of

10   Celebrex® were and are adequately described in its FDA-approved prescribing information,

11   which was at all times adequate and comported with applicable standards of care and law.

12   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13   the Complaint.

14   201.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

15   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

16   Complaint.

17   202.    Defendants deny any wrongful conduct and deny the remaining allegations in this

18   paragraph of the Complaint.

19   203.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

20   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

21   Complaint.

22   204.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

23   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

24   Complaint.

25   **Response to Tenth Cause of Action: Negligent Infliction of Emotional Distress**

26   205.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

27   Complaint as if fully set forth herein.

28   206.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

2    Decedent used Celebrex®, and, therefore, deny the same.  Defendants are without knowledge

3    or information sufficient to form a belief as to the truth of the allegations in this paragraph of

4    the Complaint regarding Plaintiff's and Decedent's marital status, and, therefore, deny the

5    same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

6    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

7    Complaint.

8    207.    Defendants state that Celebrex® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information.  Defendants state that the potential effects of

10   Celebrex® were and are adequately described in its FDA-approved prescribing information,

11   which was at all times adequate and comported with applicable standards of care and law.

12   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13   the Complaint.

14   208.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendants state that the potential effects of

16   Celebrex® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

19   the Complaint, including all subparts.

20   209.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's and Decedent's

22   marital status, and, therefore, deny the same.  Defendants are without knowledge or information

23   sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

24   regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants state

25   that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

26   prescribing information.  Defendants state that the potential effects of Celebrex® were and are

27   adequately described in its FDA-approved prescribing information, which was at all times

28   adequate and comported with applicable standards of care and law.  Defendants deny any

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

210.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

211.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

212.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

213.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

214.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Prayer For Relief**

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for Relief," including all subparts.

**III.**

**GENERAL DENIAL**

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

# IV.

## AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

### First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.    Celebrex® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law. Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6.    Plaintiffs' action is barred by the statute of repose.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-50-

**Seventh Defense**

7.    Plaintiffs' claims against Defendants are barred to the extent Plaintiffs and Decedent were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiffs should be diminished accordingly.

**Eighth Defense**

8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.    Any injuries or expenses incurred by Plaintiffs or Decedent were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs or Decedent.

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Celebrex® is a prescription medical product, available only on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiffs' and Decedent's treating and prescribing physicians.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiffs and Decedent was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    Plaintiffs' and Decedent's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17.    Plaintiffs' and Decedent's alleged injuries/damages, if any, were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiffs' and Decedent's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

**Nineteenth Defense**

19.    Plaintiffs and Decedent knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by

1 | the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

2 | **Twenty-first Defense**

3 | 21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because

4 | the subject pharmaceutical product at issue was subject to and received pre-market approval by

5 | the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

6 | **Twenty-second Defense**

7 | 22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

8 | Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes,

9 | and Plaintiffs' causes of action are preempted.

10 | **Twenty-third Defense**

11 | 23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary

12 | jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

13 | issue under applicable federal laws, regulations, and rules.

14 | **Twenty-fourth Defense**

15 | 24.    Plaintiffs' claims are barred in whole or in part because there is no private right of

16 | action concerning matters regulated by the Food and Drug Administration under applicable

17 | federal laws, regulations, and rules.

18 | **Twenty-fifth Defense**

19 | 25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

20 | "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

21 | of Comment j to Section 402A of the Restatement (Second) of Torts.

22 | **Twenty-sixth Defense**

23 | 26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

24 | because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of

25 | Restatement (Second) of Torts § 402A, Comment k.

26 | **Twenty-seventh Defense**

27 | 27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

28 | product at issue "provides net benefits for a class of patients" within the meaning of Comment f

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    to § 6 of the Restatement (Third) of Torts: Products Liability.

2                    **Twenty-eighth Defense**

3    28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

4    Products Liability.

5                    **Twenty-ninth Defense**

6    29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead

7    facts sufficient under the law to justify an award of punitive damages.

8                    **Thirtieth Defense**

9    30.    Defendants affirmatively aver that the  imposition of punitive damages in this case

10   would violate Defendants' rights to procedural due process under both the Fourteenth

11   Amendment of the United States Constitution and the Constitution of the State of California,

12   and would additionally violate Defendants' rights to substantive due process under the

13   Fourteenth Amendment of the United States Constitution.

14                   **Thirty-first Defense**

15   31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

16   Fourteenth Amendments to the United States Constitution.

17                   **Thirty-second Defense**

18   32.    The imposition of punitive damages in this case would violate the First Amendment to

19   the United States Constitution.

20                   **Thirty-third Defense**

21   33.    Plaintiffs' punitive damage claims are preempted by federal law.

22                   **Thirty-fourth Defense**

23   34.    In the event that reliance was placed upon Defendants' nonconformance to an express

24   representation, this action is barred as there was no reliance upon representations, if any, of

25   Defendants.

26                   **Thirty-fifth Defense**

27   35.    Plaintiffs failed to provide Defendants with timely notice of any alleged

28   nonconformance to any express representation.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Thirty-sixth Defense**

36.     To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.     Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the State of California. Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs or Decedent; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs or Decedent and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks

1    constitutionally sufficient standards for appellate review of punitive damages awards; and (8)

2    otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific*

3    *Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources,*

4    *Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State*

5    *Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

6                              **Thirty-ninth Defense**

7    39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

8    and marketing of Celebrex®, if any, used in this case, included adequate warnings and

9    instructions with respect to the product's use in the package insert and other literature, and

10   conformed to the generally recognized, reasonably available, and reliable state of the

11   knowledge at the time the product was marketed.

12                               **Fortieth Defense**

13   40.    The claims asserted in the Complaint are barred because Celebrex® was designed,

14   tested, manufactured and labeled in accordance with the state-of-the-art industry standards

15   existing at the time of the sale.

16                             **Forty-first Defense**

17   41.    If Plaintiffs or Decedent have sustained injuries or losses as alleged in the Complaint,

18   upon information and belief, such injuries and losses were caused by the actions of persons not

19   having real or apparent authority to take said actions on behalf of Defendants and over whom

20   Defendants had no control and for whom Defendants may not be held accountable.

21                            **Forty-second Defense**

22   42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

23   was not unreasonably dangerous or defective, was suitable for the purpose for which it was

24   intended, and was distributed with adequate and sufficient warnings.

25                             **Forty-third Defense**

26   43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

27   waiver, and/or estoppel.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Forty-fourth Defense

44.     Plaintiffs' claims are barred because Plaintiffs' and Decedents' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs and Decedent, and were independent of or far removed from Defendants' conduct.

### Forty-fifth Defense

45.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiffs or Decedent.

### Forty-sixth Defense

46.     The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs and Decedent did not incur any ascertainable loss as a result of Defendants' conduct.

### Forty-seventh Defense

47.     The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.     The claims must be dismissed because Plaintiffs and Decedent would have taken Celebrex® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### Forty-ninth Defense

49.     The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

### Fiftieth Defense

50.     Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Fifty-first Defense

51.     Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs and Decedent.

### Fifty-second Defense

52.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.   Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-fourth Defense

54.     Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-fifth Defense

55.     Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

**Fifty-sixth Defense**

56.     Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiffs and Decedent were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.   Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

**Fifty-seventh Defense**

57.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.   Any claim for punitive damages is also barred under California Civil Code § 3294(b).

**Fifty-eighth Defense**

58.     Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

**V.**

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.     That the Complaint be dismissed;

3.     That Defendants be awarded their costs for this lawsuit;

4.     That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' and Decedent's alleged injuries, losses or damages is attributable to each person;

5.     That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' and Decedent's injuries and damages; and

6.     That Defendants have such other and further relief as the Court deems appropriate.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  April 8, 2008                           GORDON & REES LLP

2

3                                          By: :_____/s/_____

4                                              Stuart M. Gordon
                                               sgordon@gordonrees.com
5                                              Embarcadero Center West
                                               275 Battery Street, 20th Floor
6                                              San Francisco, CA 94111
                                               Telephone:  (415) 986-5900
7                                              Fax:  (415) 986-8054

8  April 8, 2008                           TUCKER ELLIS & WEST LLP

9

10                                         By: :_____/s/_____

11                                             Michael C. Zellers
                                               michael.zellers@tuckerellis.com
12                                             515 South Flower Street, Suite 4200
                                               Los Angeles, CA 90071
13                                             Telephone:  (213) 430-3400
                                               Fax:  (213) 430-3409

14
                                               Attorneys for Defendants
15                                             PFIZER INC, PHARMACIA & UPJOHN
                                               LLC, and G.D. SEARLE LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3:07-cv-4799-CRB

1

## JURY DEMAND

2       Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  April 8, 2008                  GORDON & REES LLP

6

7                           By: :_____/s/_____

8                           Stuart M. Gordon
sgordon@gordonrees.com

9                           Embarcadero Center West
275 Battery Street, 20th Floor

10                        San Francisco, CA  94111
Telephone:  (415) 986-5900

11                        Fax:  (415) 986-8054

12  April 8, 2008                  TUCKER ELLIS & WEST LLP

13

14                           By: :_____/s/_____

15                           Michael C. Zellers
michael.zellers@tuckerellis.com

16                        515 South Flower Street, Suite 4200
Los Angeles, CA 90071

17                        Telephone:  (213) 430-3400
Fax:  (213) 430-3409

18                        Attorneys for Defendants

19                        PFIZER INC, PHARMACIA & UPJOHN
LLC, and G.D. SEARLE LLC

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111